Donald James SCHNEPP, Appellant,

v.

STATE OF OREGON and United States
of America, Appellees.

No. 19119.

United States Court of Appeals
Ninth Circuit.

June 9, 1964.

Rehearing Denied July 14, 1964.

Donald James Schnepp, in pro per.

Robert Y. Thornton, Atty. Gen. of Oregon, C. L. Marsters, Asst. Atty. Gen. of Oregon, Salem, Or., for appellees.

Before ORR, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM.

The judgment dismissing the application of Donald James Schnepp for a writ of habeas corpus to obtain his release from Oregon State Penitentiary is affirmed for the following reasons:

1. The warden of Oregon State Penitentiary was not named a respondent. See Goss v. State of Alaska, 9 Cir., 325 F.2d 1019; Bohm v. State of Alaska, 9 Cir., 320 F.2d 851.

2. According to allegations contained in the application, Schnepp now has a post conviction proceeding pending in the courts of Oregon, and therefore has not exhausted his presently-available state remedies, this being a condition precedent to the granting, by a federal court, of an application by a state prisoner for a writ of habeas corpus. See 28 U.S.C. § 2254.

3. The rule of McNabb v. United States, 318 U.S. 332, 333, 63 S.Ct. 608, 87 L.Ed. 819 and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, upon which appellant relies in asserting that, as a result of the manner and length of his detention, he was deprived of rights under the federal Constitution, has no application because: (a) those decisions and the rule they announce relate to Rule 5(a), Federal Rules of Criminal Procedure, and have no con-

stitutional connotation applicable in state court criminal proceedings.  State v. Jordan, 83 Ariz. 248, 320 P.2d 446;  (b) the constitutional test with regard to state prisoners is whether the detention and examination is coercive (Culombe v. Connecticut, 367 U.S. 568, 591, 81 S.Ct. 1860, 6 L.Ed.2d 1037) and there is here no allegation of coercive examination; and (c) it is not alleged that any incriminating statements were obtained as a result of the detention complained of, or that Schnepp's determination to enter a plea of guilty was affected thereby.