21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry GOSSAGE, Petitioner-Appellant,
v.
Janet BARBOUR, Superintendent, Respondent-Appellee.
 No. 93-35887.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 30, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Gossage, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition. The district court dismissed the petition for failure to exhaust because Gossage's post-conviction proceeding was pending in the state court. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.[1]
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. Sec. 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The petitioner has the burden of alleging exhaustion. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.1981), cert. denied, 455 U.S. 1023 (1982).
 
 
 4
 Here, the district court, adopting the report of the magistrate judge, correctly dismissed Gossage's habeas corpus petition without prejudice because he had a personal restraint petition pending in the Washington Court of Appeals. See Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir.1964) (per curiam) (state prisoner did not exhaust state remedies where post-conviction proceeding was pending in state court); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983) (even if claim petitioner raises in federal court has been fairly presented once to the highest state court, he has not exhausted if he has a pending appeal in the state court).
 
 
 5
 Gossage does not deny that he has a pending post-conviction proceeding in the state court, and states that he understands the need for exhaustion. Nonetheless, he asserts that the district court should have reviewed his habeas corpus petition on the merits because the state court has delayed proceedings by giving the prosecutor additional time to respond to the personal restraint petition. Gossage claims that as a result, there is an absence of available state corrective process, or that these circumstances render such process ineffective, making it unnecessary for him to exhaust. See 28 U.S.C. Sec. 2254(b).
 
 
 6
 We agree with the district court that the delay resulting from an extension of time to respond to the petitioner's allegations, does not amount to an absence of state corrective process, and does not render such process ineffective. Cf. Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir.1990) (four-year delay in obtaining appeal resulted in due process violation, and prisoner was not required to fully exhaust where root of complaint was inability to do so).[2] Accordingly, the district court did not err in dismissing Gossage's Sec. 2254 petition without prejudice pending the disposition of Gossage's state post-conviction proceeding.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gossages' motion for release pending appeal filed March 3, 1994 is denied. Gossage's motion to expedite this motion is deemed moot
 
 
 [2]
 Although it is unclear from the record, it appears that Gossage is complaining of a two-month delay in the Washington Court of Appeals. He filed the Personal Restraint Petition in March 1993, and he filed a motion for a default judgment in May 1993, which was denied in June 1993. At least in part, the proceedings in the state court were delayed by Gossage's motion for default. In June 1993, Gossage filed this Sec. 2254 petition in the district court. The district court dismissed the petition without prejudice in September 1993