79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Craig Paul CALDER, Petitioner-Appellant,
v.
Bryn ARMSTRONG; Beatrice Franklin, Thomas Chickory; Thomas
P. Wright; Richard E. Wyett; Nykki Kinsley and
Frank Payne, Respondents-Appellees.
 No. 94-17233.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Craig Paul Calder, a Nevada state prisoner, appeals pro se the district court's order construing his 42 U.S.C. § 1983 action as a 28 U.S.C. § 2254 petition and dismissing it for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994), and affirm.
 
 
 3
 Calder contends that the district court erred in construing his section 1983 complaint as a habeas petition and dismissing it for failure to exhaust state remedies. We disagree.
 
 
 4
 "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).
 
 
 5
 In his section 1983 action, Calder alleged that a change in state law which effectively decreased the frequency of parole consideration violated the prohibition against ex post facto punishment. Because Calder raised an issue concerning the duration--as opposed to the condition--of his confinement, the district court properly construed his section 1983 action as a petition for writ of habeas corpus. See id.; see also California Dept. of Corrections v. Morales, 115 S.Ct. 1597, 1560 (1995) (considering writ of habeas corpus raising ex post facto challenge to statute reducing frequency of parole hearings).
 
 
 6
 A state prisoner must exhaust state remedies before a federal court may grant habeas relief. Rose v. Lundy, 455 U.S. 509, 522 (1982). At the time Calder filed this action, Calder acknowledged that he had a petition for post-conviction relief pending before the Nevada Supreme Court. Accordingly, the district court properly dismissed his petition for failure to exhaust state remedies. See Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir.1964).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellee's motion to dismiss the appeal as moot is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On October 30, 1995, Calder filed a pleading in this court alleging that he was subjected to a vindictive parole hearing in retaliation for filing this action. We decline to consider issues not raised before the district court. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994), cert. denied, 115 S.Ct. 1378 (1995)