106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kim BLANDINO, Petitioner-Appellant,
v.
Brenda BURNS, Warden; Attorney General State of Nevada,
Respondents-Appellees.
 No. 96-15382.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kim Blandino, a Nevada state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. He contends the district court erred when it dismissed his petition without prejudice for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and affirm.
 
 
 3
 In his section 2254 petition, Blandino contended that the Nevada state courts violated his constitutional rights by denying him: (1) bail pending appeal; (2) self-representation on appeal; and (3) copies of transcripts.[1] Blandino later abandoned his third claim. Because Blandino was still litigating his first two claims in state court, the district court dismissed his petition for failure to exhaust state remedies.
 
 
 4
 The Nevada Supreme Court subsequently denied Blandino's motion for bail, denied his motion for self-representation, and ordered counsel to file the opening brief. Blandino v. Nevada, 914 P.2d 624, 626 (Nev.1996) (per curiam), cert. denied, 117 S.Ct. 208 (1996).
 
 
 5
 Although the state courts have finally disposed of the claims which Blandino raised in his section 2254 petition, Blandino has not exhausted his state remedies for his direct appeal is still pending in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983); cf. Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir.1964) (per curiam) (exhaustion not satisfied if state post-conviction petition is pending in state courts). See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991) (state prisoner must raise all claims in first section 2254 petition for as a rule he may challenge his state conviction only once in federal court); see also Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam) (petitioner must identify federal constitutional grounds for each claim in both state and federal courts).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to address additional claims which Blandino did not raise in district court. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994)
 
 
 [2]
 We deny appellant's motion to expand the record to include all materials now before the state courts. We deny as moot appellant's motions to expedite the appeal and for bail. We deny appellees' motion to strike documents filed but not served on appellee