106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Paul DELANEY, Petitioner-Appellant,
v.
James UPCHURCH, Warden; Grant, Attorney General of the
State of Arizona, Respondents-Appellees.
 No. 96-16338.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Paul Delaney, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. He contends the district court erred when it dismissed his petition without prejudice for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We affirm.
 
 
 3
 Because Delaney's state post-conviction petition was pending before the state courts, the district court dismissed Delaney's section 2254 petition without prejudice for failure to exhaust state remedies. See Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir.1964) (per curiam) (exhaustion not satisfied if post-conviction petition is pending in state court).
 
 
 4
 Relying on Coe v. Thurman, 922 F.2d 528 (9th Cir.1990), Delaney insists that exhaustion should be excused because his post-conviction petition has been pending before the state courts since 1995. We decline to extend Coe to the circumstances of this case.
 
 
 5
 Coe was convicted and sentenced to ten years imprisonment. Coe, 922 F.2d at 529. Almost four years later, after Coe had already served more than a third of his sentence, the state court of appeal still had not heard his direct appeal. Id. at 531. Concluding that the state court's delay in hearing Delaney's direct appeal was a denial of federal due process, this court excused exhaustion and ordered the State to release Coe or hear his appeal within ninety days. Id. at 532-33.
 
 
 6
 Delaney complains of delay not in hearing his direct appeal, but in ruling on his state post-conviction petition. After being sentenced to a total term of fifteen years imprisonment, Delaney's conviction and sentence were affirmed on direct appeal in December 1994. Delaney filed his state post-conviction petition in January of 1995. The state court of appeal remanded his petition to the state trial court in October of 1995. We decline to excuse exhaustion under these circumstances. Cf. Coe, 922 F.2d at 531 (four-year delaying in hearing direct appeal on ten year-year sentence violates due process); see id. ("there is no talismanic number of years or months, after which due process is automatically violated").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3