Neil B. STAFFORD, Petitioner–
Appellant,

v.

Robert O. LAMPERT, Respondent–
Appellee.

No. 02–35221.

D.C. No. CV–01–01531–ALA.

United States Court of Appeals,
Ninth Circuit.

Sept. 8, 2003.*

Decided Sept. 16, 2003.

Neil B. Stafford, pro se, Grants Pass, OR, for Petitioner–Appellant.

DAG–ORP, Portland, OR, Timothy A. Sylwester, Esq., DOJ–Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

Neil B. Stafford, an Oregon state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

The certificate of appealability was limited to whether the district court erred in dismissing rather than staying Stafford's § 2254 petition pending state court proceedings.[1]

Because the circumstances did not require the district court to consider staying Stafford's petition, *see Kelly v. Small,* 315 F.3d 1063, 1071 (9th Cir.) (recognizing that district court must consider staying mixed petition when valid claims would potentially be barred by dismissal), *cert. denied,* —— U.S. ——, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003), the district court correctly dismissed without prejudice Stafford's § 2254 petition. *See* 28 U.S.C. § 2254(b)—(c); *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir.1983) (stating a would-be habeas petitioner must wait until his state remedies are exhausted, even if the issue to be challenged in his federal habeas petition has been decided in state courts because his state proceedings could result in a reversal on other grounds, thereby mooting the federal question); *Schnepp v. Oregon,* 333 F.2d 288, 288 (9th Cir.1964) (per curiam) (noting that state prisoner did not exhaust state remedies

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. To the extent that Stafford raises additional arguments, we decline to consider them because they were not certified for appeal. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

where post-conviction proceeding was pending in state court).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.