**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIE LEE JEFFERSON,
                    *Petitioner,*

            v.

MIKE BUDGE,

                    *Respondent.*

No. 03-16932

D.C. No.
CV-02-00023-DWH

OPINION

Appeal from the United States District Court
for the District of Nevada
David Warner Hagen, District Judge, Presiding

Submitted July 11, 2005*
San Francisco, California

Filed August 16, 2005

Before: Sidney R. Thomas, Barry G. Silverman, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Silverman

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

10785

## COUNSEL

Willie Lee Jefferson, pro se, Carson City, Nevada, petitioner-appellant.

John Warwick, Deputy Attorney General, Carson City, Nevada, for the respondents-appellees.

## OPINION

SILVERMAN, Circuit Judge:

We hold today that it is error for a district court to dismiss a mixed habeas petition without first offering the petitioner the options provided in *Rose v. Lundy*, 455 U.S. 509 (1982). If such an error occurs, the petitioner is entitled to equitable tolling of the AEDPA statute of limitations from the date the mixed petition was dismissed until the date a new federal habeas petition is filed, assuming ordinary diligence.

## I.  INTRODUCTION

### A.  Background and jurisdiction

Willie Lee Jefferson, a Nevada state prisoner, appeals pro se the district court's order dismissing as untimely his 28 U.S.C. § 2254 habeas petition filed in 2002 challenging his 1992 conviction for burglary, robbery with use of a weapon, battery, and attempted sexual assault. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse and remand.[1]

### B.  Facts

On December 21, 1992, a Nevada jury convicted Jefferson of three counts of robbery with use of a deadly weapon and one count each of burglary, battery with use of a deadly weapon, and attempted sexual assault with a deadly weapon. Jefferson's first full round of state collateral proceedings became final on July 1, 1999.

Jefferson filed a timely federal habeas petition on February 10, 2000. The district court granted respondent's motion to dismiss, finding that Jefferson's petition contained both exhausted and unexhausted claims. Judgment dismissing Jefferson's entire federal petition without prejudice issued the same day, March 20, 2001.[2] Jefferson filed a motion for

---

[1]Appellee contends that Jefferson waived the sole issue certified on appeal because he failed to address it in his opening brief. *See*, *e.g.*, *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (recognizing that in general the court declines to reach any issue not raised in an appellant's opening brief). Because we find that a number of the exceptions to that rule apply here, including that there is no prejudice to appellee and that appellee was on notice of the certified issue and had a full opportunity to present argument on the issue, we exercise our discretion to consider the merits of the certified issue. *See Koerner v. Grigas*, 328 F.3d 1039, 1048-49 (9th Cir. 2003).

[2]The one-year statute of limitations had run by this date. Because Jefferson's conviction became final before the AEDPA was enacted, he had

reconsideration on April 3, 2001, which the district court denied on October 15, 2001.

Jefferson returned to state court, filing a "Petition for Writ of Certiorari or in the Alternative Petition for Writ of Mandamus" on November 20, 2001. The Nevada Supreme Court denied the petition a month later on December 20, 2001. A notice in lieu of remittitur issued on January 15, 2002.

Jefferson filed the instant federal habeas petition and request to proceed in forma pauperis on January 14, 2002. On March 25, 2002, the district court denied Jefferson's IFP request and ordered him to pay the $5.00 filing fee. The court further stated that, until Jefferson paid the filing fee, the court clerk would retain, but not file, his habeas petition. On April 8, 2002, the court received Jefferson's filing fee. On May 3, 2002, the court determined that Jefferson's petition failed to contain sufficient facts to support his allegations of constitutional error, and ordered him to file an amended petition within 30 days of the date of the order. Jefferson filed his amended petition on May 17, 2002.

The district court dismissed Jefferson's petition as untimely under the statute of limitations established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), and entered judgment the same day. Jefferson timely appealed. The district court construed Jefferson's notice of appeal as a request for a certificate of appealability and denied the request. On appeal, we granted a certificate of appealability on the issue of "[w]hether, in light of *Smith v.*

until April 24, 1997 to file a timely petition, absent tolling. *See Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001) (per curiam). Jefferson was properly pursuing his state post-conviction remedies from 1995 until July 1, 1999, when the Nevada Supreme Court issued its remittitur; all of this time was tolled pursuant to 28 U.S.C. § 2244(d)(2). The one-year clock started ticking for Jefferson on July 2, 1999, and expired on July 1, 2000.

*Ratelle*, 323 F.3d 813 (9th Cir. 2003), appellant's habeas petition related back to his previously dismissed petition."

## II.  Analysis

The district court determined that Jefferson's federal habeas petition filed in 2000 was a mixed petition because it raised three exhausted claims and several unexhausted claims. Relying on *Rose v. Lundy*, 455 U.S. 509 (1982), the court dismissed Jefferson's petition without prejudice and entered final judgment. The court, however, failed to first give Jefferson the choice of exhausting his unexhausted claims by returning to state court, or abandoning those claims and pursuing the remaining exhausted claims in federal court.

**[1]** In *Rose v. Lundy*, the Supreme Court held that a mixed petition, *i.e.*, a petition raising both exhausted and unexhausted claims, must be dismissed for failure to completely exhaust available state remedies. 455 U.S. at 518-22 (holding that for reasons of comity and federalism, the state court must be given the first opportunity to decide a state habeas petitioner's claims). The Court instructed, however, that the district courts must give a petitioner "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510. This Court, applying *Rose*, has long held that "outright dismissal without leave to amend of the petitioner's federal habeas petition was improper," and "that district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking their unexhausted claims." *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir. 2001) (internal quotation marks omitted); *see also Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000).

Relying on *Pliler v. Ford*, 542 U.S. 225, 124 S. Ct. 2441 (2004), appellee contends that the Supreme Court has since abrogated the *Rose* requirement. *See id.* at 2446 ("District judges have no obligation to act as counsel or paralegal to *pro*

*se* litigants."). A close reading of *Ford* does not support the expansive reading appellee urges. In *Ford*, the Supreme Court decided "whether the District Court erred by dismissing, pursuant to *Rose*, a *pro se* habeas petitioner's two habeas petitions without giving him *two particular advisements*." 124 S. Ct. at 2444 (emphasis added). The advisements at issue in *Ford* were: (1) that the district court "would not have the power to consider a prisoner's motions to stay the mixed petitions unless he opted to amend them and dismiss the then-unexhausted claims," and (2) "that a prisoner's federal claims would be time-barred, absent cause for equitable tolling, upon his return to federal court if he opted to dismiss the petitions without prejudice and return to state court to exhaust all of his claims." *Id.* at 2445-46 (alterations, citations, and quotation marks omitted). These advisements were crafted by this Court to employ the stay-and-abeyance procedure and supplement the *Rose* requirement.[3]

The Supreme Court was clear in announcing its holding that "district courts are not required to give the particular advisements required by the Ninth Circuit before dismissing a *pro se* petitioner's mixed habeas petition under *Rose*." *Id.* at 2447; *see also id.* at 2446, 2448 (O'Connor, J., concurring). The *Rose* requirement, however, remains intact. *See Rhines v. Weber*, ___ U.S. ___, 125 S. Ct. 1528, 1535 (2005) ("[I]f a petitioner presents a district court with a mixed petition . . . the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.") (citing *Rose*, 455 U.S. at 520).

[2] *Rose* mandates that a district court must dismiss mixed petitions and leave petitioners with a choice of paths to pur-

---

[3]The petitioner in *Ford* was given the option to return to state court to exhaust his unexhausted claims or to proceed only with the exhausted claims prior to dismissal of his petitions. *Id.* at 2444.

sue. *Rose*, 455 U.S. at 510. *Ford* reiterates this dictate by quoting directly from *Rose*, 124 S. Ct. at 2447, and *Rhines* follows suit, 125 S. Ct. at 1535. When the district court dismissed Jefferson's 2000 petition and entered final judgment, it failed to first give Jefferson the choice of exhausting the unexhausted claim by returning to state court, or abandoning the claim and pursuing the remaining claims in federal court, as required by *Rose*. Because the district court dismissed Jefferson's 2000 petition outright and entered judgment the same day, Jefferson did not have an opportunity to amend this timely federal petition and let the unexhausted claims fall by the wayside.[4]

[3] We previously have held that "a district court's erroneous dismissal of a mixed habeas petition is sufficiently extraordinary to justify equitable tolling." *Smith v. Ratelle*, 323 F.3d 813, 819 (9th Cir. 2003), *cert. denied*, 124 S. Ct. 2904 (2004). In this case, Jefferson returned to federal court within a reasonable period of time. We conclude that Jefferson is entitled to equitable tolling of the one-year AEDPA statute of limitations from the date the first habeas petition was dismissed until the date he filed his second habeas petition, and remand to the district court for further proceedings consistent with this disposition.

The remaining issues Jefferson raises on appeal are without merit, including his request that his case be reassigned to a new judge on remand. "Absent proof of personal bias on the part of the district judge, remand to a different judge is proper only under unusual circumstances." *Hunt v. Pliler*, 384 F.3d

---

[4]Moreover, at the time the district court dismissed Jefferson's 2000 petition and entered judgment, the AEDPA statute of limitations had run. *See supra* n. 2. As a result, even if Jefferson had filed a fully-exhausted petition on the same day as the dismissal, it would have been untimely. When it dismissed Jefferson's petition, the court "literally and immediately extinguished his right to federal habeas review." *Tillema*, 253 F.3d at 504. The district court's dismissal "unreasonably impair[ed] petitioner's right to obtain federal relief." *Rhines*, 125 S. Ct. at 1535.

1118, 1125-26 (9th Cir. 2004) (quoting *United States v. Reyes*, 313 F.3d 1152, 1159 (9th Cir. 2002)). There is no evidence before us to warrant reassignment upon remand. *See id.* at 1126 (discussing factors court should consider, including whether the original judge would have substantial difficulty adjudicating the case with a fresh view of the issues, to preserve the appearance of justice, and whether reassignment would result in waste or duplication of effort out of proportion with any gain in appearance of fairness).

**REVERSED and REMANDED.**