**Alfredo VILLA–CARDENAS, Petitioner–Appellant,**

v.

**Craig FARWELL, Warden, Lovelock Correctional Center, Nevada, Respondent–Appellee.**

No. 04–16776.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Lawrence D. Wishart, Esq., Reno, NV, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Robert E. Wieland, Esq., AGNV—Office of the Nevada Attorney General, Reno, NV, for Respondent–Appellee.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

## MEMORANDUM \*\*

Nevada state prisoner Alfredo Villa–Cardenas appeals the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253,[1] and we affirm.

Villa–Cardenas contends that the district court was required to consider and advise him of the option of staying his exhausted claims while he returned to state court to exhaust his unexhausted claims, in light of *Kelly v. Small*, 315 F.3d 1063, 1070–71 (9th Cir.2003).

We disagree. A federal district court need not explain habeas procedure to a litigant. *See Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2445–46, 159 L.Ed.2d 338 (2004) (holding that a district court is not required to give a pro se litigant warnings about stay-and-abeyance procedure); *Jef-*

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The government contends that we are without jurisdiction to hear this appeal. However, "once [the certificate of appealability] is issued, we have jurisdiction even if the certificate was arguably improvidently granted." *Phelps v. Alameda*, 366 F.3d 722, 726 (9th Cir.2004) (internal quotations and citations omitted). The government's remaining contentions are similarly rejected.

*ferson v. Budge*, 419 F.3d 1013, 1015–16 (9th Cir.2005).

**AFFIRMED.**[2]

2. Villa–Cardenas seeks to expand the certificate of appealability ("COA"). We decline to expand the COA because Villa–Cardenas fails to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

