MEMORANDUM **
James William Matthews, a California state prisoner, appeals from the district court’s judgment dismissing his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse and remand.
Matthews successfully contends, and the state concedes, that the district court erred by dismissing his mixed § 2254 peti *865 tion without first affording him an opportunity to delete unexhausted claims. See Jefferson v. Budge, 419 F.3d 1013, 1014, 1016 (9th Cir.2005) (“[I]t is error for a district court to dismiss a mixed habeas petition without first offering the petitioner the options provided in Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).”); see also Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005) (“[I]f a petitioner presents a district court with a mixed petition ... the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner’s right to habeas relief.”).
Accordingly, we reverse the district court’s judgment dismissing Matthews’ habeas petition and remand so that Matthews may be provided with an opportunity to exercise his options under Bose.
Appellant’s uncertified issues in his opening brief are construed as a motion to broaden the certificate of appealability. See 9th Cir. R. 22-l(e). We deny the motion.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.