Edgar Nelson PITTS, Petitioner—
Appellant,

v.

Robert A. HOOD, Warden,
Respondent—
Appellee.

No. 05–55151.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed April 17, 2007.

Darlene M. Ricker, Esq., Malibu, CA,
for Petitioner–Appellant.

Edgar Nelson Pitts, ADXF–Administrative Maximum, Florence, CO, pro se.

Ryan Mitchell Smith, Esq., AGCA–Office of the California Attorney General,
Los Angeles, CA, for Respondent–Appellee.

Before: CANBY and SILVERMAN,
Circuit Judges, and LEIGHTON,* District
Judge.

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Pitts was challenging a state conviction that he had not yet begun to serve. As a result, he was not required to name his immediate custodian (i.e., the federal warden), only the enti-

**MEMORANDUM** **

Edgar Nelson Pitts appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. The court denied his request for equitable tolling and dismissed his petition as untimely under AEDPA's one-year statute of limitations. We now reverse.

Pitts argues, *inter alia*, that he is entitled to equitable tolling because the district court summarily dismissed his first federal habeas petition without advising him that he could proceed with only his exhausted claims pursuant to *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Such an error is sufficiently extraordinary to justify equitable tolling provided that the habeas petitioner "return[s] to federal court within a reasonable period of time." *Jefferson v. Budge*, 419 F.3d 1013, 1017 (9th Cir.2005).

We find that district court erred in failing to advise Pitts that he could pursue his first habeas petition by abandoning his unexhausted claims. The court purported to dismiss the petition on two independent grounds: it was mixed and it did not name Pitts's immediate custodian. The second ground was invalid.[1]

We also find that Pitts diligently pursued his state remedies and thereby returned to federal court within a reasonable period of time. Although the filing date of Pitts's state petition was 191 days after the district court's erroneous dismissal, it was only 18 days after the expiration of the

ty or person who exercised control over his future state sentence (i.e., the California Attorney General). *See Rumsfeld v. Padilla*, 542 U.S. 426, 438, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.' ").

AEDPA limitations period.[2] Furthermore, after that filing, Pitts pursued his state remedies in the Superior Court, the Court of Appeal, and the California Supreme Court without delay.

Pitts is entitled to equitable tolling. We therefore REVERSE the district court's dismissal of Pitts's habeas petition and REMAND for consideration on the merits.

---

2. The State's reliance on *Guillory v. Roe,* 329 F.3d 1015 (9th Cir.2003), is misplaced. There, the petitioner sought to exhaust the necessary claims over two years after the district court's erroneous dismissal of his mixed

petition and *over two and one-half years after the expiration of the AEDPA limitations period.*