**Andre L. OLIPHANT, Petitioner—Appellant,**

v.

**Kathy MENDOZA–POWERS, Warden, Respondent—Appellee.**

**No. 05–56797.**

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2007 *.

Filed Aug. 9, 2007.

Andre L. Oliphant, Avenal, CA, pro se.

Phillip A. Trevino, Esq., Law Offices of Phillip A. Trevino, Los Angeles, CA, Kevin R. Vienna, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Andre L. Oliphant appeals from the district court's dismissal of his habeas petition as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). He raises several equitable and statutory tolling claims. Because we remand for an evidentiary hearing on Oliphant's claim for equitable tolling based on the allegedly erroneous dismissal of his first, timely habeas petition, filed January 29, 2001, and because

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

this claim, if meritorious, is sufficient to save his current petition from untimeliness, we do not reach his other claims.

AEDPA's statute of limitations is subject to equitable tolling. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir.2006) (as amended). A district court's "outright" dismissal of a timely filed, "mixed" habeas petition—that is, one containing both exhausted and unexhausted claims—without first giving the petitioner "the choice of exhausting his unexhausted claims by returning to state court, or abandoning those claims and pursuing the remaining exhausted claims in federal court" is an "extraordinary" circumstance supporting equitable tolling. *Jefferson v. Budge*, 419 F.3d 1013, 1015, 1017 (9th Cir.2005) (internal quotation marks omitted). Under this circumstance, tolling is warranted if the petitioner was diligent in returning to federal court. *See id.* at 1017; *see also Lawrence v. Florida*, — U.S. —, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

The district court dismissed Oliphant's first federal habeas petition as unexhausted because his initial round of state habeas review was still pending. However, Oliphant argues that at least one of the issues he raised in the first petition, relating to the lack of a jury instruction on reasonable doubt, had been exhausted on direct appeal. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.2002). While the language of Oliphant's first federal habeas petition is consistent with his argument, the record does not contain his state appellate briefing. Therefore, we cannot determine ourselves whether he alerted the state courts to "the federal nature of [his] claim" so that it was actually exhausted. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir.

2000), *amended by* 247 F.3d 904 (2001) (holding that a petitioner may "make the federal basis of [a] claim explicit either by citing federal law or the decisions of federal courts"). We conclude that Oliphant's allegations are sufficient to warrant an evidentiary hearing on whether his first federal habeas petition was mixed, and if so, whether he was diligent in returning to federal court. *See Roy*, 465 F.3d at 969; *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir.2003) (as amended). We remand for this purpose.

REVERSED and REMANDED.