Clifford DIXON III, aka Clifford Harrison Dixon III

v.

Ken CLARK, Warden.

Case No. EDCV 10–0070–VBF (RC).

United States District Court, C.D. California.

April 22, 2010.

---

Clifford Dixon, III, Corcoran, CA, pro se.

Lise S. Jacobson, CAAG Office of Attorney General of California, San Diego, CA, for Warden.

## PROCEEDINGS: (IN CHAMBERS) (1) ORDER DISMISSING PETITION WITHOUT PREJUDICE AND AFFORDING PETITIONER THE OPPORTUNITY TO FILE AN AMENDED PETITION; AND (2) ORDER DENYING PETITIONER'S REQUEST TO STAY THIS PROCEEDING

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On January 15, 2010, petitioner Clifford Dixon III, aka Clifford Harrison Dixon III, proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254, and on March 17, 2010, respondent filed a motion to dismiss the petition. The petitioner filed his opposition to the motion to dismiss on April 19, 2010.

The pending habeas corpus petition raises the following claims: [1]

---

1. These are the exact same claims petitioner raised in a previous habeas corpus petition filed April 3, 2009: *Dixon v. Clark,* case no. EDCV 09–0755 ("Dixon I"). The Court advised petitioner Dixon I was a "mixed" petition and afforded petitioner the opportunity to amend the petition, but petitioner did not do so. Judgment was entered on July 15, 2009, dismissing Dixon I without prejudice. The petitioner did not appeal Dixon I.

Ground One—"The Trial Court errord [sic] when it Imposed Sentence on the firearm use enhancement attached to the Count 1 Rape of a spouse conviction, because the trial court used that circumstance to sentence petitioner under the 'One Strike Law' Dual use of the same facts." (Petition at 6 and attached pages.)

Ground Two—"Confrontation of witnesses: Trial Court Abused it's [sic] Discretion and violated petitioner's U.S. Constitutional Rights when it restricted and/or refused to allow petitioner to Question Key Witness 'Tracy L Dixon' on cross-examination as to her bias against petitioner." (Petition at 7 and attached pages.)

Ground Three—"Ineffective Assistance of Counsel at Trial and on Direct Appeal; In violation of Petitioner's Right to Effective Assistance of Counsel under the U.S. Constitution and the Fifth, Sixth and Fourteenth Amendments." (1) Trial Counsel failed to conduct and/or have an adequate and effective investigation conducted prior to trial surrounding potential bias and/or fals[e] testimony being given by Tracy L. Dixon against the petitioner.... (2) Petitioner has a right under federal, and state law to expect adequate representation to present his defense in the fullest degree which includes all supporting evidence, as well as Testimony. Failure to give petitioner this opportunity denies him his constitutional rights as a matter of law, as it did to petitioner herein. (3) Counsel's failure to fully investigate all pertinent facts as outlined herein puts an undue burden on petitioner 'after the fact' to attempt to prove these facts 'after' the trial was over. It also gave the prosecution an advantage they were not entitled to by taking some of the burden off of them to prove their case beyond a reasonable doubt. This prejudiced petitioner and denied him his right to a fair trial, as he was denied the right to present favorable evidence that could have changed the minds of one or more jurors in a favorable way to petitioner. (Petition at 8–8A and attached pages.)

Ground Four—" 'Actual Innocence' [in violation of the] Fourteenth Amendment [and] Sixth Amendment." (Petition at 9 and attached pages.)

## BACKGROUND

On October 7, 2005, in Riverside County Superior Court case no. RIF118358, a jury convicted petitioner of two counts of spousal rape in violation of California Penal Code ("P.C.") § 262 (counts 1 & 2), one count of spousal abuse in violation of P.C. § 273.5(a) (count 3), one count of assault with a deadly weapon (belt) in violation of P.C. § 245(a)(1) (count 4), two counts of criminal threats in violation of P.C. § 422 (counts 5 & 6), one count of false imprisonment by violence or menace in violation of P.C. § 236 (count 7), and one count of assault with a rifle in violation of P.C. § 245(a)(2) (count 8), and the jury also determined petitioner personally used a firearm during the commission of count 1, 6 and 8 within the meaning of P.C. §§ 1192.7(c)(8) and 12022.53(b), used a firearm during the commission of count 1 within the meaning of P.C. § 667.61(e)(4), and engaged in tying or binding the victim during the commission of count 2 within the meaning of P.C. § 667.61(e)(6). Clerk's Transcript ("CT") 155–56, 180–92. On December 16, 2005, the trial court sentenced petitioner to a determinate term of 10 years in state prison to be followed by an indeterminate term of 15 years to life in state prison. CT 236–38, 257–59.

The petitioner appealed his convictions and sentence to the California Court of Appeal, CT 261, Lodgment nos. 13–15, which, in an unpublished opinion filed March 17, 2008, 2008 WL 699070, found "the trial court could not impose the 10–year weapon use enhancement consecutive

to the 15–year–to–life term[,]" and vacated petitioner's sentence and remanded the case to the trial court for resentencing; however, in all other respects the judgment was affirmed. Lodgment no. 1, Attachment at 10–12. On April 28, 2008, petitioner, proceeding through counsel, filed a petition for review in the California Supreme Court, which denied the petition on June 11, 2008.[2] Lodgment nos. 1–2. On July 2, 2008, after the California Court of Appeal issued its remittitur, the Riverside County Superior Court resentenced petitioner to 15 years to life in state prison. Lodgment no. 3. The petitioner did not appeal his resentencing.

On March 10, 2009, petitioner filed a habeas corpus petition in the Riverside County Superior Court, which denied the petition on April 10, 2009. Lodgment nos. 4–5.

On May 13, 2009, petitioner filed a second petition for habeas corpus relief in the Riverside County Superior Court, which denied the petition on May 14, 2009. Lodgment nos. 6–7. On July 8, 2009, petitioner filed a habeas corpus petition in the California Court of Appeal, which denied the petition on July 17, 2009. Lodgment nos. 8–9.

On November 5, 2009, petitioner filed his third habeas corpus petition in the Riverside County Superior Court, which denied the petition on November 12, 2009.[3] Lodgment nos. 10–11.

### DISCUSSION

### I

■ The petitioner has failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, as respondent aptly notes. Rule 2(c) requires petitioner to sign and verify his habeas corpus petition. *See* Rule 2, 28 foll. U.S.C. § 2254 (petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"); 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). Here, petitioner did not sign or verify the pending petition. Thus, respondent's motion to dismiss should be granted, and the petition must be dismissed with leave to amend.

### II

■ A California prisoner seeking federal habeas corpus relief must exhaust his claims before the California courts prior to filing for habeas corpus relief in federal court. 28 U.S.C. § 2254(b) and (c),; *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 1738, 144 L.Ed.2d 1 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir.2003) (en banc). "The exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. § 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509,

---

**2.** In the petition for review to the California Supreme Court, petitioner raised the sole claim that the trial court violated his Sixth Amendment rights when it refused to allow petitioner to cross-examine the victim/witness (Tracy L. Dixon) "concerning information that may be influencing her and causing her to change her previous testimony." Lodgment no. 1 at 2–4.

**3.** This is the only habeas corpus petition filed by petitioner after the entry of Judgment in Dixon I.

512, 30 L.Ed.2d 438 (1971) (internal quotation marks, citations and footnote omitted); *O'Sullivan*, 526 U.S. at 844–45, 119 S.Ct. at 1732; *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir.1996). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

■ Here, petitioner has not exhausted Grounds Three and Four before the California Supreme Court.[4] It is, thus, clear that the pending habeas corpus petition is a "mixed" petition, setting forth both a claim that has been exhausted (Ground Two) and claims that have not been exhausted in the state courts (Grounds Three and Four), and, as such, the petition should be dismissed without prejudice.[5] *Lundy*, 455 U.S. at 522, 102 S.Ct. at 1205; *Ortiz–Sandoval v. Clarke*, 323 F.3d 1165, 1169 n. 3 (9th Cir.2003). Before dismissing without prejudice the "mixed" petition, however, this Court, as set forth in the Order herein, offers petitioner the opportunity to strike or dismiss the unexhausted claims (Ground Three and Four) and to proceed only on the exhausted claim (Ground Two), as required by *Jefferson v. Budge*, 419 F.3d 1013, 1016–17 (9th Cir.2005).

## III

■ The petitioner requests this Court stay this proceeding and hold his habeas corpus petition in abeyance while he exhausts his state court remedies on Ground Four, which he acknowledges is an unexhausted claim.[6] Petition at 9. Although district courts have authority to stay habe-

---

4. The petitioner also has not exhausted Ground One. However, "federal courts may not 'give opinions upon moot questions or abstract propositions.' " *Calderon v. Moore*, 518 U.S. 149, 150, 116 S.Ct. 2066, 2067, 135 L.Ed.2d 453 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895)). "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.' " *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). Here, Ground One is moot since the California Court of Appeal found the trial court erred in sentencing petitioner to a consecutive sentence on the firearm enhancement and remanded petitioner's case to the Superior Court for resentencing, and upon resentencing, the Superior Court did not impose any sentence on the firearm enhancement. Lodgment no. 1, Attachment; Lodgment no. 3; *see also United States v. Kraus*, 137 F.3d 447, 452 (7th Cir.1998) (defendant's challenge to sentence enhancement was moot when conviction and sentence vacated on appeal);

*Williams v. Lensing*, 1999 WL 670972, \*6 (E.D.La.) ("[T]he illegal enhancement of petitioner's sentence is a moot issue, because the petitioner is asking for relief from a sentence that was vacated."). Since the California Court of Appeal provided petitioner with all the relief due him on Ground One, it would be futile for petitioner to exhaust that claim; thus, this Court does not address Ground One.

5. In his opposition, petitioner asserts he has exhausted his remedies as to Grounds Three and Four, Opposition at 1–2, but he offers no evidence this is true, and the California Supreme Court's website suggests otherwise. *See Worthy v. Hartley*, 2010 WL 1339215, \*3 n. 2 (E.D.Cal.) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.").

6. Petitioner's statement in his Opposition conflicts with his request to stay the action to exhaust Ground Four. Nevertheless, since this Court has determined Grounds Three and Four are both unexhausted, the Court considers petitioner's request for stay and abeyance to also apply to Ground Three.

as corpus proceedings and to hold them in abeyance while a petitioner exhausts his state court remedies, they may only do so "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber,* 544 U.S. 269, 277, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005); *see also Wooten v. Kirkland,* 540 F.3d 1019, 1023 (9th Cir.) ("Under Rhines, a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics."), *cert. dismissed,* —— U.S. ——, 129 S.Ct. 621, 172 L.Ed.2d 473 (2008), and *cert. denied,* —— U.S. ——, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009).

■ Here, petitioner has not shown good cause to stay this proceeding. Indeed, petitioner offers absolutely no explanation for his failure to exhaust Grounds Three and Four before filing this case-especially since this Court in Dixon I clearly explained to petitioner that Ground Four had not been exhausted.[7] Certainly, petitioner has had time since Judgment was entered in Dixon I on July 15, 2009, to exhaust these claims; however, he did not do so. Further, petitioner also had substantial time to exhaust Grounds Three and Four after the California Supreme Court denied his petition for review on June 11, 2008. In short, petitioner has not been acting diligently, and such delay should not be rewarded. *See Rhines,* 544 U.S. at 277, 125 S.Ct. at 1534 ("Staying a federal habeas petition frustrates [the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA")] objective of encouraging fi-

nality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."). Thus, petitioner's motion for a stay should be denied due to a lack of good cause and petitioner's failure to act diligently. *See, e.g., Wooten,* 540 F.3d at 1024 (declining to stay habeas petition due to petitioner's lack of knowledge that claim had not been exhausted); *Neville v. Dretke,* 423 F.3d 474, 479–80 (5th Cir.2005) (declining to stay habeas petition when petitioner failed to show good cause); *Jackson v. Conway,* 550 F.Supp.2d 382, 384 (W.D.N.Y.2008) (Petitioner not entitled to a stay under Rhines when "petitioner offers no explanation for his failure to exhaust, makes no showing of merit, and there is no indication that the proposed stay is not part of a dilatory litigation tactic").

### ORDER

1. Respondent's motion to dismiss **IS GRANTED** on both grounds, and the habeas petition **IS DISMISSED** without prejudice to petitioner filing, no later than thirty (30) days from the date of this Order, an amended petition containing only the exhausted Ground Two. **If petitioner files an amended petition, he must sign, verify and date his amended petition.** If petitioner does not timely file an amended petition raising only Ground Two, or if petitioner requests this Court dismiss without prejudice this action, the Court will dismiss this action without prejudice.

2. Petitioner's request to stay this proceeding and to hold it in abeyance while he

7. The decision in Dixon I was based solely on petitioner's concession that he had not exhausted Ground Four; thus, the Court did not

address whether petitioner's other three grounds had been properly exhausted.

exhausts Grounds Three and Four IS **DENIED.**

3. The Clerk of Court shall mail to petitioner the Court's habeas corpus form.