**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REYNANTE PRE, | No. 08-55957 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-00890-W-WMC |
| v. | |
| VICTOR M. ALMAGER, Warden; BILL LOCKYER, Attorney General of the State of California, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted August 4, 2010[**]
Pasadena, California

Before: REINHARDT and SILVERMAN, Circuit Judges, and SINGLETON, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

Reynante Pre, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for attempted voluntary manslaughter, mayhem, torture, robbery, and burglary. Pre submitted a "mixed petition" containing both exhausted and unexhausted claims. District courts "must dismiss . . . 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Alternatively, in some circumstances, a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). A district court may not do what the district court did here—dismiss only the unexhausted claims and proceed to adjudicate the merits of the exhausted portion of the petition.

The state argues that a district court may deny unexhausted claims on the merits "when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). True, but here the district court did not deny the unexhausted claims on the merits; it denied those claims solely for lack of exhaustion. We therefore may not reach the merits of the petition.

On remand, if the district court does not deny the unexhausted claims under *Cassett*, it shall advise appellant that he may move to amend his petition to delete his unexhausted claims. *See Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005). Should he then wish to exhaust those claims, he may request that the district court stay his amended petition and hold it in abeyance while he does so. *See King v. Ryan*, 564 F.3d 1133, 1138-40 (9th Cir. 2009).

VACATED and REMANDED.