716 F.2d 632
 Frank John SHERWOOD, III, Petitioner-Appellant,
v.
Honorable Wendell H. TOMKINS, Circuit Court Judge, Linn
County, Oregon, Hoyt C. Cupp, Superintendent,
Oregon State Penitentiary, Respondents-Appellees.
 No. 82-3402.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 7, 1983.
Decided Sept. 20, 1983.
 
 Kenneth Lerner, Federal Public Defender, Portland, Or., for petitioner-appellant.
 Virginia Linder, Deputy Atty. Gen., Salem, Or., for respondents-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before SNEED, FARRIS, and CANBY, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 Petitioner Frank Sherwood was convicted of second degree manslaughter in the Circuit Court of Linn County, Oregon. After receiving a five year sentence, Sherwood moved twice in the Circuit Court to have appellate counsel appointed and trial transcripts made available to him at public expense for his appeal. See Or.Rev.Stat. Sec. 138.500. The Circuit Court denied both motions, finding after a review of supporting affidavits that Sherwood was not indigent, and thus did not qualify for free counsel and trial transcripts.
 
 
 2
 Sherwood then sought assistance from the Oregon Court of Appeals concerning his requests. That court appointed counsel for the purpose of determining whether Sherwood qualified for free counsel and transcripts. The court stayed the appeals process while Sherwood's counsel filed a third motion with the Circuit Court. The Circuit Court considered additional documentary evidence of Sherwood's financial condition and held a hearing. The court refused to alter its earlier decision and denied the motion. Following this, Sherwood filed a petition for Alternative Writ of Mandamus in the Oregon Supreme Court, but that petition was also denied.
 
 
 3
 Sherwood now seeks a writ of habeas corpus in the federal courts. His state appeal remains stayed. The district court assigned the petition to Magistrate Hogan, adopted his conclusion that the Oregon findings on Sherwood's claim of indigency were fairly supported by the record, see 28 U.S.C. Sec. 2254(d); see also Marshall v. Lonberger, --- U.S. ----, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983), and denied the petition. Sherwood appeals, arguing that the Oregon findings should be disregarded. We do not have to reach the indigency issue, however, since we hold that the petition must be dismissed because Sherwood failed to exhaust his state remedies.
 
 
 4
 The exhaustion doctrine, now codified at 28 U.S.C. Secs. 2254(b) and (c), provides that a federal court may not grant "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... unless it appears that the applicant has exhausted the remedies available in the courts of the State...."
 
 
 5
 As we explained in Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 3547, 77 L.Ed.2d ---- (1983), the doctrine stems "from the basic principle of federalism that federal courts should accord due respect to the role of state courts in enforcing the prohibition against unconstitutional confinement embodied in the writ of habeas corpus. The exhaustion doctrine also serves the interests of judicial economy. State courts should have the first opportunity to examine the lawfulness of a state prisoner's confinement. If the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts."
 
 
 6
 Sherwood claims that he has exhausted his state remedies by moving for appointed counsel and a free transcript three times in the Circuit Court, and by filing an Alternative Writ of Mandamus in the Oregon Supreme Court.[1] Oregon replies that Sherwood still may move for counsel and a transcript in the State Court of Appeals. The State also suggests that Sherwood has the option of continuing his appeal pro se, and then of seeking Oregon post-conviction relief.
 
 
 7
 We are inclined to agree with the State. Sherwood may be able to file a new petition or, in the case of the transcript, seek an order for its preparation from the Oregon Court of Appeals. See State v. Montgomery, 294 Or. 417, 657 P.2d 668 (1983); Or.Rev.Stat. 138.480, 138.500; Or.R.App.P. 6.15. He also could seek state post-conviction relief should his efforts to have the issues of counsel and a transcript addressed on appeal prove to be unsuccessful. See Or.Rev.Stat. 138.550(2); see generally Or.Rev.Stat. 138.510-138.680.
 
 
 8
 However, even were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. Secs. 2254(b) and (c). When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.[2]
 
 
 9
 As we explained in Davidson v. Klinger, 411 F.2d 746, 747 (9th Cir.1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. See e.g., Carden v. Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980) (district court's grant before state trial of petition for habeas corpus on speedy trial claim was premature since comity requires exhaustion of state proceedings before collateral relief can be sought); Bryant v. Bailey, 464 F.2d 560 (5th Cir.1972), cert. denied, 409 U.S. 1115, 93 S.Ct. 932, 34 L.Ed.2d 698 (1973) (state remedies held not exhausted where prisoner had unsuccessfully petitioned state courts for free transcript for appeal, and appeal still pending); Daniels v. Nelson, 415 F.2d 323 (9th Cir.), cert. denied, 396 U.S. 994, 90 S.Ct. 494, 24 L.Ed.2d 459 (1969) (no exhaustion where state appeal pending). Thus, Sherwood's claim is premature, and must be dismissed for failure to exhaust state remedies.
 
 
 10
 DISMISSED.
 
 
 
 [1]
 "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim ...; or (2) by showing that at the time the petitioner files the habeas petition in federal court no state remedies are still available to the petitioner and the petitioner had not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 3547, --- L.Ed.2d ---- (1983) (citations omitted)
 The Oregon Supreme Court held in State v. Montgomery, 294 Or. 417, 657 P.2d 668 (1983), that the proper method of obtaining relief from the denial of a request for a free transcript by the trial court is to seek an order for its preparation from the State Court of Appeals pursuant to Or.R.App.P. 6.15. Thus, by filing an Alternative Writ of Mandamus in the Oregon Supreme Court, Sherwood could not have provided the highest state court with the opportunity to rule on the merits of his claim, since he used the wrong procedure to seek relief from the Circuit Court's ruling. Sherwood points out that his writ was filed with the Oregon Supreme Court before Montgomery was decided, and argues that that case should not affect his appeal. We need not determine whether Montgomery applies retroactively, however, since we hold that Sherwood's petition for a writ of habeas corpus was filed prematurely.
 
 
 [2]
 A defendant in a state criminal trial may seek federal habeas corpus relief for a double jeopardy claim even in the pretrial period, but the double jeopardy rule is sui generis. See Hartley v. Neely, 701 F.2d 780 (9th Cir.1983)