999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Eugene ALLEN, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 93-35250.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 14, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen, an Oregon state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state court remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The petitioner has the burden of establishing exhaustion. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.1981), cert. denied, 455 U.S. 1023 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971). Nevertheless, even if the claim the petitioner raises in federal court has been fairly presented once to the highest state court, he has not exhausted if he has a pending direct appeal in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983).
 
 
 4
 As the district court stated, "It is uncontested that Allen's appeals from his criminal convictions are pending before the Oregon Court of Appeals. Accordingly, Allen has failed to exhaust his available state remedies." We agree with the district court's reasoning. See id.
 
 
 5
 On appeal, Allen does not contest the district court's findings on the issue of exhaustion, but instead, argues for the first time, that he is not required to exhaust because the Oregon Court of Appeals has denied him due process by excessively delaying a decision in his appeals. See, eg., Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir.1990) (since excessive delay in obtaining appeal may violate due process, prisoner need not fully exhaust where root of complaint is inability to do so). We decline to consider this argument, however, because Allen raises the issue for the first time on appeal. See Bolker v. Commissioner of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3