5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Raymond Ludwig FROST, Petitioner-Appellant,
v.
Roger W. CRIST; Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 93-15647.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 24, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-92-02227-RCB(MS), Robert C. Broomfield, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before PREGERSON, BURNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Frost, an Arizona state prisoner, appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of the dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 A motion made under Rule 60(b) may be used to challenge the denial of a habeas corpus petition, and timely appeal may be taken from the denial of the motion. See Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 263 n. 7 (1978). However, the denial of a Rule 60(b) motion is reviewed only for an abuse of discretion, and must be affirmed unless the district court erred in ruling that sufficient grounds for setting aside the judgment were not shown. Browder, 434 U.S. at 263 n. 7; Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989).
 
 
 4
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. Sec. 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The petitioner has the burden of establishing exhaustion. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.1981), cert. denied, 455 U.S. 1023 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971). Nevertheless, even if the claim the petitioner raises in federal court has been fairly presented once to the highest state court, he has not exhausted if he has a pending direct appeal in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983).
 
 
 5
 Here, the district court dismissed Frost's Sec. 2254 petition for failure to exhaust because he had a direct appeal pending in state court. On appeal, Frost does not contest the district court's findings on the issue of exhaustion, but instead, argues for the first time, that he is not required to exhaust because the Arizona courts have excessively delayed a decision in his appeal. See, e.g., Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir.1990) (since excessive delay in obtaining appeal may violate due process, prisoner need not fully exhaust where root of complaint is inability to do so). Frost, however, did not raise this argument below. Therefore, the district court did not err by failing to consider it. Further, we decline to consider the argument for the first time on appeal. See Bolker v. Commissioner of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985). Accordingly, the district court did not abuse its discretion by denying Frost's motion for reconsideration. See Molloy, 878 F.2d at 315.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3