*This panel unanimously finds this case suitable for decision without oral argument. *See*

sentence. It is therefore not unfair to hold Clarke to his bargain.

AFFIRMED.

James Michael MYRON, Petitioner—
Appellant,

v.

Gary LINDSEY; Attorney General of the State of California, Respondents—Appellees.

No. 00–55244.

D.C. No. CV–98–02167–JSL(CW).

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2002 *.

Decided July 25, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and MAHAN, District

Fed. R.App. P. 34(a)(2).

Judge.**

## MEMORANDUM ***

Because Myron filed his federal habeas petition when his state appeal was still pending, he failed to exhaust state remedies. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983). We therefore affirm the district court's judgment dismissing the writ. *See* 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

The endless series of supplemental motions and additional briefs Myron filed in the district court seeking to amend his habeas petition well illustrates the reason for an exhaustion requirement. Because Myron's claims were still being addressed in the state system, arguments in support of his federal habeas petition were constantly being refashioned in response to the state's latest move: First, Myron alleged that the state refused to give him transcripts. Then, when the state notified him that transcripts were being mailed, he complained that the state erroneously denied his various motions to augment the appellate record. Next, when he finally received the transcripts, he complained that they were inaccurate or incomplete. The exhaustion requirement aims to discourage the creation of such moving targets by giving the state first opportunity "to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)) (internal quotation marks omitted).

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

We held in *Coe v. Thurman*, 922 F.2d 528 (9th Cir.1990), that excessive delay during the state appellate process may excuse a habeas petitioner from exhausting state remedies. But, for reasons explained in Magistrate Judge Woehrle's Report and Recommendation and adopted by the district court, Myron has failed to establish excessive delay in the state appellate system that would excuse him from the exhaustion requirement.

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.