**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JENNIFER LYNN HENDERSON,
*Petitioner-Appellant*,

v.

DEBORAH K. JOHNSON, Warden,
*Respondent-Appellee*.

No. 11-55249

D.C. No.
8:11-cv-00128-
PSG-RZ

ORDER AND
OPINION

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted
November 8, 2012—Pasadena, California

Filed January 3, 2013

Before: Myron H. Bright,[*] Susan P. Graber,
and Sandra S. Ikuta, Circuit Judges.

Order;
Per Curiam Opinion

---

[*] The Honorable Myron H. Bright, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

**SUMMARY**[**]

**Habeas Corpus**

The panel reversed the district court's summary dismissal, without leave to amend, of a mixed 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies, and remanded for consideration of all exhausted claims.

The panel held that the district court erred as a matter of law by dismissing the petition pursuant to *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983) (holding that district court may not adjudicate federal habeas petition while petitioner's direct state appeal is pending). The panel explained that *Sherwood* does not undermine precedent requiring district courts to first grant leave to amend and, if requested, to consider a petitioner's eligibility for a stay under either *Rhines v. Weber*, 544 U.S. 269 (2005) (stay of entire petition), or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) (stay of exhausted claims only). Moreover, given the parties' agreement that the state courts have now considered and rejected all of Henderson's claims, the panel held that all claims in the federal petition should be allowed to proceed.

**COUNSEL**

Fay Arfa, Fay Arfa, a Law Corporation, Los Angeles, California, for Petitioner-Appellant.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

William M. Wood, Supervising Deputy Attorney General, San Diego, California, for Respondent-Appellee.

**ORDER**

The request to publish the unpublished memorandum disposition is GRANTED. The memorandum disposition filed December 13, 2012, is redesignated as a per curiam opinion with modifications.

**OPINION**

PER CURIAM:

Jennifer Lynn Henderson, who is currently serving two consecutive life sentences without the possibility of parole, appeals from the district court's summary dismissal of her habeas petition for failure to exhaust state remedies. We conclude that the district court erred in dismissing Henderson's petition without offering her leave to amend. We reverse and remand for the consideration of all exhausted claims.

Henderson was convicted of two counts of murder in April 2007. The convictions became final in 2009 after a California Court of Appeal affirmed the convictions and denied a petition for rehearing, and the California Supreme Court denied review. Henderson filed a habeas petition in state court in January 2011, which was later dismissed as untimely. Henderson also filed a timely federal habeas petition in January 2011, several days after her state habeas filing. Henderson's federal petition was "mixed," that is, it

contained then-unexhausted claims raised in Henderson's concurrent state petition, as well as several claims that Henderson had previously exhausted.

The district court summarily dismissed Henderson's federal habeas petition. Citing *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983), the district court determined that "[t]he *Sherwood* doctrine requires the petition's dismissal" and that "[a] would-be federal habeas petitioner generally must await the outcome of any pending state-court challenges to his conviction before proceeding in federal court." Henderson filed a motion to reconsider, arguing that *Sherwood* was outdated and inapplicable, and that she was entitled to a stay while exhausting her claims in state court or, at a minimum, to amend her petition to delete the unexhausted claims and proceed.

The district court reconsidered but again dismissed Henderson's petition, concluding that *Sherwood* was still good law and that "[t]here is no valid reason for this case to proceed at the same time as the prior-filed state habeas action." The district court determined that cases regarding stay and abeyance of mixed petitions were distinguishable and failed to address Henderson's request for leave to amend.

Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). However, we have explained that a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims. *See, e.g.*, *Jefferson v. Budge*, 419 F.3d 1013, 1016–17 (9th Cir. 2005) (reversing and remanding the dismissal of a mixed habeas petition

because the district court failed to offer the petitioner the opportunity to amend his petition to abandon the unexhausted claims); *Kelly v. Small,* 315 F.3d 1063, 1069–70 (9th Cir. 2003) (reversing the dismissal of a mixed petition and remanding "so that the district court can offer Petitioner the opportunity to dismiss [the unexhausted] claims and proceed to the merits of the others"), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007); *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims."); *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."); *see also Rhines v. Weber*, 544 U.S. 269, 278 (2005) (concluding that even where a stay was inappropriate, at a minimum the district court should allow a petitioner to delete the unexhausted claims and proceed with the exhausted claims only).

*Sherwood* is distinguishable, and the district court erred as a matter of law by dismissing Henderson's petition. *Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending. 716 F.2d at 634 ("When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted . . . ."). Although district courts cannot adjudicate mixed petitions, *Sherwood* does not undermine the important precedent requiring district courts first to grant leave to amend and, if requested, to consider a petitioner's eligibility for a stay under *Rhines*, 544 U.S. at 275–77 (stay of entire

petition), or under *Kelly*, 315 F.3d at 1070–71 (stay of exhausted claims only). The district court erred by failing to allow Henderson leave to amend her petition before dismissal, and by refusing to address Henderson's request for relief under *Rhines* or *Kelly.*

Moreover, the parties agree that the California courts have now considered and rejected all of Henderson's habeas claims. Therefore, her federal habeas petition contains only exhausted claims and should be allowed to proceed.

**REVERSED AND REMANDED.**