**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY BUTLER,<br>*Petitioner-Appellant*,<br><br>v.<br><br>DAVID LONG, Warden,<br>*Respondent-Appellee*. | No. 10-55202<br><br>D.C. No.<br>2:09-cv-07028-<br>JSL-RZ<br><br>ORDER AND<br>AMENDED<br>OPINION |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Argued and Submitted
February 3, 2014—Pasadena, California

Filed May 2, 2014
Amended June 24, 2014

Before: Harry Pregerson and Marsha S. Berzon, Circuit
Judges, and Carol Bagley Amon, Chief District Judge.[*]

Order;
Per Curiam Opinion

---

[*] The Honorable Carol Bagley Amon, Chief Judge, United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel issued (1) an order amending its opinion, denying a petition for rehearing, and rejecting a petition for rehearing en banc; and (2) an amended opinion reversing the district court's denial of an untimely 28 U.S.C. § 2254 habeas corpus petition.

In its amended opinion, the panel held that because the district court dismissed a previous, mixed § 2254 petition without providing petitioner an opportunity to amend to delete any unexhausted claims, petitioner was entitled to equitable tolling from the date of the first dismissal until the filing of the instant petition. Because equitable tolling rendered at least one of petitioner's claims timely, the panel remanded for the district court to determine if any other claims were exhausted at the time the district court erroneously dismissed the first petition, related back to any properly exhausted claim, or were otherwise entitled to equitable tolling.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

John Ward (argued), San Francisco, California, for Petitioner-Appellant.

Kim Aarons (argued), Deputy Attorney General; Michael R. Johnsen, Supervising Deputy Attorney General; Lance E. Winters, Senior Assistant Attorney General; Dane R. Gillette, Chief Assistant Attorney General; Kamala D. Harris, Attorney General of California, Los Angeles, California, for Respondent-Appellee.

**ORDER**

The Opinion filed May 2, 2014, is amended as follows:

1.  At slip op. 6, the sentence beginning: "Federal courts must dismiss habeas petitions . . ." is amended to read: "Federal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), unless a petitioner requests a stay and abeyance of his mixed petition that satisfies the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005)."

2.  At slip op. 6, the sentence beginning: "Before the district court dismisses a mixed petition, however, a petitioner must . . . " is amended to read: "Additionally, before the district court dismisses a mixed petition a petitioner must . . ."

With these amendments, the panel has unanimously voted to deny appellee's petition for rehearing. Judge Pregerson

and Judge Berzon have voted to deny the petition for rehearing en banc. Judge Amon recommends denial of the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing is denied and the petition for rehearing en banc is rejected. No further petitions for rehearing or rehearing en banc may be filed in response to the amended opinion.

**OPINION**

PER CURIAM:

Petitioner-appellant Anthony Butler filed two federal habeas petitions relating to the same state-court conviction, the first on October 5, 2008, and the second on September 21, 2009.[1] The district court dismissed the first petition, which contained both exhausted and unexhausted claims, without offering Butler the option of amending his petition to exclude the unexhausted claims. The same court denied Butler's

---

[1] Butler signed the first petition on October 5, 2008, and it was stamped filed on October 15, 2008. We assume that Butler turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988); *Porter v. Ollison*, 620 F.3d 952, 955 n.2 (9th Cir. 2010). We make the same assumption with regard to Butler's second federal petition, which was signed and dated September 21, 2009.

second federal habeas petition as untimely. Butler appeals the dismissal of his second petition, arguing that because the district court dismissed his first petition without first providing him an opportunity to amend the petition, he is entitled to equitable tolling from the date the district court dismissed his first federal habeas petition until the filing of his second petition. Because we hold that equitable tolling renders at least one claim raised in Butler's second petition timely, we reverse and remand to the district court for further proceedings consistent with this disposition.

## Background

Butler was convicted of attempted premeditated murder by a Los Angeles County jury on October 28, 2005. On June 23, 2006, the California Court of Appeal rejected Butler's claim that the trial court erred in failing to instruct the jury on attempted voluntary manslaughter. Butler appealed to the Supreme Court of California which, on September 13, 2006, denied Butler's petition for review. Ninety days later, on December 12, 2006, the clock began running on the Antiterrorism and Effective Death Penalty Act's ("AEDPA"), 28 U.S.C. § 2244(d), one-year statute of limitations. *Porter v. Ollison*, 620 F.3d 952, 958–59 (9th Cir. 2010).

Following the California Supreme Court's denial of his appeal, Butler filed a series of state habeas petitions, leading up to his first federal habeas petition filed on October 5, 2008. In his October 5, 2008 petition, Butler raised five grounds on which he sought relief: (1) the trial court's failure to instruct on manslaughter, (2) deprivation of an impartial jury because two jurors fell asleep, (3) ineffective assistance of counsel for failure to argue self-defense, (4) ineffective assistance of counsel for failure to advise defendant that he

could replace a sleeping juror with an alternate, and (5) the trial court's abuse of discretion in not allowing the defense to recall a government witness. Butler noted that a state petition raising his fifth ground for relief, the trial court's abuse of discretion, was concurrently pending before the Los Angeles Superior Court. On November 14, 2008, the district court summarily dismissed Butler's federal habeas petition, citing *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983). Butler was not provided an opportunity to amend his habeas petition to excise any unexhausted claims prior to its dismissal.

After filing additional state habeas petitions, Butler returned to the district court on September 21, 2009. Again, he raised five grounds of relief, four that were raised in his first federal petition, and one new ground not previously raised in federal court.[2] On October 1, 2009, the magistrate judge issued an Order To Show Cause why the court should not find Butler's second federal habeas petition time-barred.

Butler responded to the Order To Show Cause on November 9, 2009, arguing that he "sent state habeas corpus to lower court's [sic] Sept. 2008" and that "due to the fact habeas was filed in Sept[ember] 2008. Petitioner had to wait to exhaust state claims. To file federal claim [sic]." As an exhibit, Butler attached the district court's decision dismissing his initial federal habeas petition.

---

[2] The second federal petition raised the following five grounds: (1) the trial court's failure to instruct on manslaughter, (2) deprivation of an impartial jury because two jurors fell asleep, (3) ineffective assistance of counsel for failure to advise defendant that he could replace a sleeping juror with an alternate, (4) the trial court's abuse of discretion in not allowing the defense to recall a government witness, and (5) a claim of prosecutorial misconduct for knowingly using false testimony. It omitted ground three of the first federal petition.

The magistrate judge issued a Report and Recommendation ("R&R") recommending that the district court deny the petition as untimely and dismiss the action with prejudice. Butler filed an objection to the R&R, principally arguing that he was entitled to equitable tolling because he was "an indigent, illiterate, incarcerated prisoner" who "acted with diligence by seeking legal assistance from various jail-house lawyers." In addition, Butler referenced *Rose v. Lundy*, 455 U.S. 509 (1982), arguing that "it is pointless for federal courts to require state prisoners to purse collateral attacks which will not be considered properly on the merits." In a January 15, 2010 order, the district court adopted the R&R and dismissed Butler's habeas petition.

## Discussion[3]

It is undisputed that Butler's initial federal petition was a mixed petition containing at least one properly exhausted claim (that the trial court failed to instruct on manslaughter), and one unexhausted claim (that the trial court abused its discretion in not allowing the defense to recall a government witness). Federal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), unless a petitioner requests a stay and abeyance of his mixed petition that satisfies the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005). Additionally, before the district court dismisses a mixed petition a petitioner must "be offered leave to amend the petition to delete any unexhausted claims and to proceed on

---

[3] Neither party has argued that Butler's initial federal petition was untimely. Additionally, Butler does not dispute that his 2009 petition was untimely absent equitable tolling. In view of these concessions, there is no need to address the initial timeliness of either federal petition.

the exhausted claims." *Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013); *see also Jefferson v. Budge*, 419 F.3d 1013, 1015–16 (9th Cir. 2005) ("This Court . . . has long held that . . . district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking their unexhausted claims." (internal quotation marks omitted)).

Because he was not afforded this option, Butler argues, he is entitled to equitable tolling from the time his first petition was dismissed on November 14, 2008, to the filing of his second petition on September 21, 2009. The Warden counters that as a procedural matter Butler forfeited this argument by not raising it in the district court, and that even if the argument was not forfeited the district court's dismissal was proper. Alternatively, the Warden argues that Butler is not entitled to equitable tolling of all the claims raised in the second habeas petition.

1.   Forfeiture of Equitable Tolling Argument

Although "[n]o bright line exists to determine whether an issue has been properly raised below . . . a workable standard is that the issue must be raised sufficiently for the trial court to rule on it." *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (internal quotation marks omitted). Where, as in this case, the petitioner is pro se, the documents he filed must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) (the pro se status of a petitioner "informs and colors the lens through which we view the [petitioner's] filings").

Butler's filings sufficiently informed the district court that he was advancing an argument for equitable tolling on the

grounds advanced in this appeal. His papers argued that he was entitled to equitable tolling, notified the court that it had dismissed an earlier federal habeas petition (the order was attached to his filing), and referenced *Rose v. Lundy*.[4] Butler further argued that the erroneous dismissal caused him to believe that he had to wait to exhaust all of his state claims before returning to federal court. Confronted with its initial order of dismissal, Butler's statements, and the reference to *Rose v. Lundy*, the district court was given sufficient notice that Butler raised the equitable tolling argument he raises here.

### 2. Merits of Equitable Tolling Argument

Whether any claim in Butler's second petition is rendered timely through the application of equitable tolling turns on whether the district court erroneously dismissed Butler's initial federal petition without providing him leave to amend. Even though the district court failed to comply with the clear holdings in *Jefferson* and *Henderson* requiring it to grant a petitioner the opportunity to amend a mixed petition before dismissing the petition, the Warden nevertheless contends that the district court properly dismissed the mixed petition pursuant to *Sherwood* and that equitable tolling of any of the claims raised in second petition is therefore inappropriate.

---

[4] This Court has held that under *Rose v. Lundy* "outright dismissal without leave to amend of the petitioner's federal habeas petition was improper and that district courts must provide habeas litigants with the opportunity to amend their mixed petitions before striking their unexhausted claims." *Jefferson*, 419 F.3d at 1015–16 (internal quotation marks omitted).

The Warden's contention fails. Here, there was no direct state appeal pending. This Court has made plain that where no direct state appeal is pending "*Sherwood* does not undermine the important precedent requiring district courts first to grant leave to amend" before dismissing a mixed petition. *Henderson*, 710 F.3d at 874. Accordingly, the district court erred in dismissing the petition without first providing Butler the opportunity to amend his petition.

When a district court dismisses a mixed petition without first offering the petitioner the option to amend the mixed petition to remove the unexhausted claims, "the petitioner is entitled to equitable tolling of the AEDPA statute of limitations from the date the mixed petition was dismissed until the date a new federal habeas petition is filed, assuming ordinary diligence." *Jefferson*, 419 F.3d at 1014. Here Butler acted diligently in filing a series of state habeas petitions before returning to federal court within a reasonable time. *Henderson* and *Jefferson* dictate that Butler is entitled to equitable tolling due to the district court's erroneous dismissal.

Although we hold that Butler is entitled to equitable tolling, because "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis," *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012), it must be determined which of Butler's claims should be equitably tolled. Both parties agree that Butler's "failure to instruct" claim was exhausted and raised in both federal petitions. That claim is entitled to equitable tolling. On remand the district court must determine if any other claims raised in Butler's second federal petition were exhausted at the time the district court erroneously dismissed

his first petition, relate back to any properly exhausted claim, or are otherwise entitled to equitable tolling.

## Conclusion

For the reasons stated above, we find that Butler is entitled to equitable tolling due to the district court's erroneous dismissal of his first federal habeas petition without first granting leave to amend, and remand to the district court for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**