
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZAMEER R. AZAM, | No. 12-15656 |
| Petitioner - Appellant, | D.C. No. 5:10-cv-03900-EJD |
| v. | |
| RICK HILL, Warden; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted July 10, 2014
San Francisco, California

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior
District Judge.[**]

We review a district court's dismissal of a habeas petition as untimely de

novo, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010), and its factual findings

for clear error, *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for the District of South Dakota, sitting by designation.

Notwithstanding the district court's incorrect application of *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983), in dismissing Azam's first federal habeas petition, *see Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013), Azam's second federal habeas petition cannot relate back to his first federal habeas petition.[1] *See Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[A] habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition."). Therefore, his second federal habeas petition was untimely. *See* 28 U.S.C. § 2244(d)(1).

Nevertheless, Azam is entitled to equitable tolling. *See Butler v. Long*, No. 10-55202, 2014 WL 1717009, at *3, — F.3d — (9th Cir. June 24, 2014). In dismissing Azam's first federal habeas petition, the district court failed to consider Azam's request for a stay and did not give Azam "the option to amend the mixed petition to remove the unexhausted claims." *Id.* Therefore, its dismissal of Azam's second habeas petition as untimely was improper. *Id.* In such circumstances, "the petitioner is entitled to equitable tolling of the AEDPA statute of limitations from

---

[1]Azam claims, and the Government agrees, that Azam's first federal habeas petition was a mixed petition with exhausted and unexhausted claims. Therefore, the district court's obligations under *Henderson* to "grant leave to amend" a mixed petition "and, if requested, . . . consider a petitioner's eligibility for a stay" apply to this case. 710 F.3d at 874.

the date the mixed petition was dismissed until the date a new federal habeas petition is filed, assuming ordinary diligence." *Id.* (internal quotation marks omitted).

The government claims Azam waived both the relation back and equitable tolling arguments. However, in our discretion we find that Azam, as a pro se petitioner, sufficiently alleged these claims in his petitions. *See Trigueros v. Adams*, 658 F.3d 983, 988 (9th Cir. 2011).[2]

**REVERSED** and **REMANDED**.

---

[2]We decline to grant Azam's request for a certificate of appealability as to the remaining issues raised in his opening brief. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (A certificate of appealability may only issue "where a petitioner has made a 'substantial showing of the denial of a constitutional right.'").