**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL SALDANA, | No. 12-17157 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-04716-CRB |
| v. | |
| RON BARNS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Submitted March 10, 2015[**]
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Petitioner/Appellant Samuel Saldaña was convicted of robbery and

carjacking in California's Santa Clara County. Saldaña filed a timely petition for

writ of habeas corpus in the Northern District of California. The district court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denied the petition because Saldaña had failed to exhaust his claims. Saldaña then litigated his claims to completion in state court and returned to district court with a new petition well after the one-year statute of limitations had elapsed. *See* 28 U.S.C. § 2244(d)(1)(A). The district court dismissed Saldaña's second petition as untimely. Saldaña now argues that he is entitled to equitable tolling.

Saldaña argues that the district court was required to inform him that he could stay and abey his first petition while he litigated his claims in state court before dismissing the petition as unexhausted. Saldaña waived this argument by failing to raise it in the district court in the action on his second petition. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Instead, Saldaña argued before the district court that his second petition's untimeliness should be excused because Saldaña is actually innocent. Accordingly, he failed to raise the issue "'sufficiently for the trial court to rule on it.'" *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014) (quoting *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)). Even if the issue was not waived, it is settled that district courts in this Circuit do not have a duty to inform habeas petitioners of the stay and abey procedure. *See Robbins v. Carey*, 481 F.3d 1143, 1148–49 (9th Cir. 2007).

**AFFIRMED.**