**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN KERRY O'KEEFE,<br><br>               Petitioner-Appellant,<br><br>v.<br><br>ROBERT LEGRAND, Warden and ATTORNEY GENERAL OF THE STATE OF NEVADA,<br><br>               Respondents-Appellees. | No.   15-15519<br><br>D.C. No.<br>3:14-cv-00477-RCJ-VPC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 6, 2016[**]
San Francisco, California

Before: SILVERMAN, and NGUYEN, Circuit Judges, and GARBIS,[***] Senior District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

Brian O'Keefe appeals the decision of the district court dismissing his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate the district court's decision and remand the case for further proceedings.

O'Keefe filed the instant habeas petition challenging his Nevada state court conviction of murder with a deadly weapon. The district court summarily dismissed the petition, holding that O'Keefe's state remedies were unexhausted.

We review the district court's dismissal of O'Keefe's petition de novo. *United States v. Avery*, 719 F.3d 1080, 1082 (9th Cir. 2013). O'Keefe's petition, consisting of 25 handwritten pages and 275 pages of exhibits, contained at least one claim that was clearly exhausted - his double jeopardy claim, which was presented to the Nevada Supreme Court on direct appeal and expressly addressed by that court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). While there *are* unexhausted claims within the petition, for example, the claimed violation of his Sixth Amendment rights, O'Keefe's petition is a "mixed" petition because it contains both exhausted and unexhausted claims. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

Mixed petitions, though not subject to adjudication in federal court, cannot be dismissed unless the petitioner has, "at a minimum, be[en] offered leave to

amend the petition to delete any unexhausted claims and to proceed on the exhausted claims." *Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013). The district court thus erred in dismissing O'Keefe's petition without granting him the opportunity to amend his petition in this way.

The district court's decision is vacated and the case is remanded. The pending motions for judicial notice are granted. O'Keefe's petition for a writ of mandamus is denied. Each party shall bear its own costs.

**VACATED and REMANDED.**