NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR FRANKLIN KNOX, <br><br> Petitioner-Appellant, <br><br> v. <br><br> DEBBIE ASUNCION, Warden, <br><br> Respondent-Appellee. | No.  16-56149 <br><br> D.C. No. <br> 2:15-cv-01631-GHK-KES <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted February 5, 2019[**]
Pasadena, California

Before:  GOULD, NGUYEN, and OWENS, Circuit Judges.

Petitioner Arthur Franklin Knox appeals from the district court's dismissal

of his petition for writ of habeas corpus as untimely.  Knox bore the burden of

showing that he was eligible for enough tolling to render his petition timely.  *See*

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  We issued a certificate of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appealability to determine Knox's eligibility for statutory and equitable tolling. Because the district court did not err in finding that Knox's petition was untimely, we affirm.

"AEDPA's one-year statute of limitations in [28 U.S.C.] § 2244(d)(1) applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). The statutory tolling provision provides tolling while a "properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Equitable tolling is similarly analyzed on a claim-by-claim basis, depending on the underlying circumstances that gave rise to equitable tolling. *See, e.g.*, *Butler v. Long*, 752 F.3d 1177, 1181 (9th Cir. 2014) (remanding for the district court to analyze which claims were eligible for equitable tolling because they were improperly dismissed by the district court).

In his federal habeas petition, which he filed 78 days late, Knox challenged his state conviction on three grounds: (1) insufficiency of the evidence ("Claim One"), (2) ineffective assistance of counsel ("Claim Two"), and (3) deprivation of his right to a fair trial by the trial court's failure to dismiss a juror with limited English proficiency ("Claim Three"). The district court found statutory tolling as to Claims Two and Three—while the California Supreme Court reviewed Knox's last state habeas petition—because neither of these claims had been deemed

procedurally defaulted in state post-conviction proceedings.[1]  Statutory tolling thus covers the 72-day period from September 10, 2014 to November 25, 2014, and that time "shall not be counted toward any period of limitation."  *See* 28 U.S.C. § 2244(d)(2).

As to the remaining limitations period beginning November 26, 2014, the district court did not err in finding that equitable tolling did not apply.  Knox argues that equitable tolling should apply while he was in administrative segregation from October 10, 2014, until January 21, 2015, because he did not have access to all of his legal files during that time.  We assume without deciding that this situation would qualify as an "extraordinary circumstance" for purposes of equitable tolling.  *See, e.g.*, *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002).

However, the period until November 25, 2014, was already excluded from the limitations period by statutory tolling.  For the remaining period, from November 26, 2014, until Knox was released from administrative segregation on January 21, 2015, the district court did not clearly err in finding that Knox failed to exercise reasonable diligence in requesting his missing legal files.  Evidence in the record established a "prison policy that property requests made by an inmate in

---

[1] Although the state argues on appeal that the district court erred in assessing Knox's arguments on a claim-by-claim basis, and by granting statutory tolling to two of his claims, they argued to the contrary in their motion to dismiss below. Thus, to the extent there was error, the state has invited it.  *See United States v. Reyes-Alvarado*, 963 F.2d 1184, 1187 (9th Cir. 1992), *as amended* (June 15, 1992).

3

administrative segregation must be submitted in writing," although Knox argues that exceptions had been made previously for other inmates. As the district court noted, "[i]t is undisputed that Petitioner made one written request for legal materials," and that he could have, but chose not to, make follow-up requests. Based on this record, we cannot say that the district court clearly erred by finding that Knox did not exercise reasonable diligence.

In sum, although 72 days of statutory tolling extended the limitations period through February 19, 2015, for two of his claims, Knox's petition was constructively filed on February 26, 2015. Accordingly, it was untimely.

**AFFIRMED.**