**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL MELVILLE, Jr., | No. 21-15999 |
| *Petitioner-Appellant,* | D.C. No. 2:18-cv-01703-JGZ |
| v. | |
| DAVID SHINN, Director; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | OPINION |
| *Respondents-Appellees.* | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted February 6, 2023
Phoenix, Arizona

Before: Susan P. Graber, Richard R. Clifton, and Morgan
Christen, Circuit Judges.

Filed May 23, 2023

Opinion by Judge Clifton

# SUMMARY*

## Habeas Corpus

The panel reversed the district court's order dismissing as untimely Arizona prisoner Paul Melville, Jr.'s 28 U.S.C. § 2254 habeas petition.

The panel held that a post-conviction relief application in Arizona ceases to be "pending" under 28 U.S.C. § 2244(d)(2) for purposes of tolling AEDPA's one-year limitation period as long as a state avenue for relief remains open, whether or not a petitioner takes advantage of it. Applying the same statute, the panel also held that Melville's post-conviction application ceased to be pending when the time for him to seek further relief in the state courts expired, which was not precisely when the Arizona Court of Appeals issued its mandate. Applying those principles and correcting some misunderstandings as to when certain events occurred and certain periods expired, the panel reversed the dismissal of the petition and remanded for further proceedings.

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Keith J. Hilzendeger (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Public Defenders' Office; Phoenix, Arizona, for Petitioner-Appellant.

Casey D. Ball (argued) and Jillian Francis, Assistant Attorneys General; J.D. Nielson, Habeas Unit Chief; Mark Brnovich, Attorney General of Arizona; Office of the Arizona Attorney General; Phoenix, Arizona, for Respondents-Appellees.

# OPINION

CLIFTON, Circuit Judge:

Arizona prisoner Paul Melville, Jr., appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). That limitations period begins to run from the latest of four possible events. The one applicable here is the end of direct appellate review by the state courts, expressed in the statute as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Following direct review by appeal within the state court system, there usually is also a process for further review by the state courts, generally described as state "post-conviction relief" or "habeas" review. The one-year limitations period for federal habeas review is tolled under AEDPA during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2).

This case presents the following question: When does a post-conviction relief (PCR) application in Arizona cease to be "pending"? We conclude that a PCR application is pending as long as a state avenue for relief remains open, whether or not a petitioner takes advantage of it. We also conclude, applying the same statute, that Melville's post-conviction application ceased to be pending when the time for him to seek further relief in the state courts expired, which was not precisely when the Arizona Court of Appeals issued its mandate. Applying those principles and correcting

some misunderstandings as to when certain events occurred and certain periods expired, as detailed below, lead us to reverse the dismissal of Melville's petition and remand for further proceedings.

## I.  Background

In 2013, a jury convicted Melville of two counts of armed robbery and four counts of aggravated assault. He was sentenced to 18 years in prison. In July 2014, the Arizona Court of Appeals affirmed Melville's convictions on direct review. We summarize the key dates from that point on:[1]

| | |
|---|---|
| July 29, 2014 | Conviction affirmed by Arizona Court of Appeals on direct appeal |
| September 26, 2014 | PCR petition signed by Melville and delivered to prison officials for mailing to Maricopa County Superior Court |
| September 29, 2014 | Expiration of extension of time to petition the Arizona Supreme Court for review of affirmance by Arizona Court of Appeals on direct review of conviction (no such petition was filed) |
| October 1, 2014 | PCR petition stamped as filed in Maricopa County Superior Court |

---

[1] As described below, the parties now agree that some of the dates used by the district court in its consideration of the timeliness of Melville's petition were mistaken. This chart incorporates the corrections.

| April 18, 2017 | Arizona Court of Appeals granted review of denial of PCR petition by Superior Court but denied relief |
| June 1, 2017 | Expiration of extension of time granted by Arizona Court of Appeals to move that court for reconsideration of its denial of PCR relief (no such motion was filed) |
| June 7, 2017 | Arizona Court of Appeals mandate issued |
| June 1, 2018 | Federal habeas petition signed by Melville and delivered to prison officials for mailing to federal district court |
| June 4, 2018 | Federal habeas petition stamped as filed in federal district court |

After the Arizona Court of Appeals affirmed his conviction, Melville sought and received an extension of time to petition for review of that decision by the Arizona Supreme Court. That extension ran until September 29, 2014.

Despite obtaining that extension, Melville did not file a petition for review with the Arizona Supreme Court. As we discuss below, Melville's judgment therefore became final on September 29, 2014 under Section 2244(d)(1)(A), because that was "the expiration of the time for seeking such review."

Ordinarily, AEDPA's one-year limitations period would have started running the next day. Melville had, however, already signed and mailed from prison a PCR petition in the

Superior Court for Maricopa County on September 26, 2014, three days before the extension expired and his judgment became final. As discussed below, under the prison mailbox rule as applied for state court filings by pro se prisoners in Arizona, that date serves as the filing date for Melville's PCR petition, although the petition was not physically received and file-stamped by the court clerk until a few days later. The filing of the PCR petition immediately tolled the limitations period under AEDPA.

The superior court dismissed Melville's petition. He timely appealed, and on April 18, 2017, the Arizona Court of Appeals granted review but denied relief. Melville then moved for an extension of time to file a motion for reconsideration by that court. The Arizona Court of Appeals granted an extension giving Melville until June 1, 2017, to file the motion for reconsideration.

Melville never filed a motion for reconsideration. Nor did he submit any filing to pursue the PCR petition before the Arizona Supreme Court. On June 7, 2017, the Court of Appeals issued its mandate, noting that the time for filing a motion for reconsideration or a petition for review had expired.

Nearly twelve months later, on June 1, 2018, Melville filed a habeas petition in federal district court. Upon referral by the district court, a magistrate judge issued a Report and Recommendation (R&R) concluding that Melville's petition was untimely. In the R&R, the magistrate judge determined that because the Arizona Court of Appeals affirmed Melville's convictions and sentences on July 29, 2014, Melville's judgment became final on September 2, 2014, after the expiration of the thirty-five-day period to seek review in the Arizona Supreme Court.

The district court, after conducting an independent review of the briefing and record, issued an order adopting the R&R and denying a Certificate of Appealability. The district court explained that Melville's June 2018 federal habeas petition was untimely for the following reasons:

> As the limitations period was triggered on September 2, 2014, the Magistrate Judge concluded that 29 days of the limitations period ran between September 2, 2014, and October 1, 2014, when Melville filed his PCR petition, statutorily tolling the limitations period. The remaining limitations period began on June 7, 2017, and expired on May 9, 2018, 336 days after the appeals court issued its mandate finalizing its order denying PCR relief.

Melville timely appealed.

## II.    Discussion

We review de novo a district court's decision to deny a habeas petition as untimely. *Flemming v. Matteson*, 26 F.4th 1136, 1138 (9th Cir. 2022). We review the district court's findings of fact for clear error. *Ochoa v. Davis*, 50 F.4th 865, 876 (9th Cir. 2022).

### A.  Relevant dates

Although the State of Arizona urges us to affirm the district court's dismissal of Melville's petition as untimely, the parties agree that the district court's consideration of the timeliness of the petition went astray in connection with certain relevant dates.

The first is the date when Melville's judgment of conviction became final. The district court concluded that because the Arizona Court of Appeals affirmed Melville's conviction on July 29, 2014, the judgment became final on September 2, 2014, after the expiration of the thirty-five-day period to seek review at the Arizona Supreme Court. Neither party, however, appears to have alerted the district court to the Arizona Supreme Court's order granting Melville an extension to file his petition until September 29, 2014, twenty-seven days later. That date was when the judgment became final under the controlling federal statute, which provides that a judgment becomes final "by the conclusion of direct review or *the expiration of the time for seeking such review*." 28 U.S.C. § 2244(d)(1)(A) (emphasis added).

Second, the parties also agree that the date used by the district court for determining when Melville initiated his post-conviction proceedings was incorrect. The district court's calculations were based on an understanding that Melville filed his notice of post-conviction relief on October 1, 2014. It appears that neither party alerted the district court to the effect of the prison mailbox rule, applied under Arizona law to pro se PCR filings. *See State v. Rosario*, 987 P.2d 226, 228 (Ariz. Ct. App. 1999) (holding that Arizona applies the prison mailbox rule in pro se post-conviction proceedings). Under that rule, a petition is treated as filed on the date the prisoner delivered it to prison officials for mailing. *Orpiada v. McDaniel*, 750 F.3d 1086, 1087 (9th Cir. 2014).

The record shows that Melville's notice of post-conviction relief was signed and dated on September 26, 2014, although the stamp from the clerk's office indicates that it was filed with the court on October 1, 2014. The district court incorrectly applied the date of the court filing,

October 1, 2014, in its analysis. "We assume that [Melville] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule." *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam). Therefore, statutory tolling commenced on September 26, 2014, three days before the judgment became final on September 29, 2014.

Third, the prison mailbox rule similarly applies to pro se federal habeas petitions. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Melville signed, dated, and attested that his habeas petition was placed in the prison mailing system on June 1, 2018. The district court was mistaken when it used in its timeliness analysis the June 4, 2018, filing date according to the clerk's stamp.

### B. The legal dispute: When did the PCR petition cease to be "pending"?

The remaining dispute between the parties is a legal one: When did Melville's state PCR application cease to be "pending" under § 2244(d)(2), ending the statutory tolling period and starting the clock on the one-year period within which Melville had to file the federal habeas petition? Melville argues that the district court was correct in concluding that the relevant date is when the Arizona Court of Appeals issued the mandate on July 7, 2017. In contrast, the state argues that the correct date is when the Court of Appeals denied Melville's petition for post-conviction relief on April 18, 2017. Neither party is correct.

According to the United States Supreme Court's interpretation of the term "pending" as used in Section 2244(d)(2), a state post-conviction relief application is "pending as long as the ordinary state collateral review process is 'in continuance.'—*i.e.*, 'until the completion of'

that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (quoting *Webster's Third New International Dictionary* 1669 (1993)). Determining when a post-conviction application ceases to be "pending" for statutory tolling requires looking to the relevant state's law and procedural rules. *See id.* at 221–23.

When the Arizona Court of Appeals denied Melville's petition for post-conviction relief on April 18, 2017, Melville could have sought reconsideration from that court. Melville obtained an extension of time expiring on June 1, 2017, to file a motion for reconsideration. Melville did not file a motion for reconsideration, but he could have done so properly and timely under Arizona law and procedure. Therefore, June 1, 2017, is the date when his post-conviction application ceased to be pending because that is when "the application ha[d] achieved final resolution through the State's post-conviction procedures." *Carey*, 536 U.S. at 220.

Contrary to the State's position, that Melville did not move for reconsideration does not mean his post-conviction application ceased to be pending when the Arizona Court of Appeals denied his petition. The State cites *Lawrence v. Florida* for the proposition that tolling concludes when the state court is no longer reviewing the application. 549 U.S. 327, 332 (2007). This reliance is misplaced. *Lawrence* dealt with whether a state post-conviction application was "pending" under Section 2244(d)(2) when a state court had entered a final judgment on the matter but a petition for certiorari was filed in the Supreme Court. *Id.* at 329. The Court answered that question in the negative, holding that "a state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's

postconviction procedures' and that the Supreme Court was not part of "the State's postconviction procedures." *Id*. at 332 (quoting *Carey*, 536 U.S. at 220).

*Lawrence* clarified that "[s]tate review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, *no other state avenues for relief remain open*." *Id*. at 332 (emphasis added). The Arizona Court of Appeals' decision to grant an extension of time for reconsideration deferred a final resolution of Melville's post-conviction petition because a state avenue for relief remained open, whether or not Melville took advantage of it.

Melville urges us to uphold the district court's conclusion that the Arizona Court of Appeals' issuance of the mandate on June 7, 2017, was the date when his post-conviction application ceased to be pending. The district court relied on another Arizona district court decision, often cited, which held that a post-conviction application becomes final when the Arizona Court of Appeals issues the mandate. *See Celaya v. Stewart*, 691 F. Supp. 2d 1046, 1074 (D. Ariz. 2010). *Celaya* relied on former Arizona Rule of Criminal Procedure 31.23(a), which stated, "[i]f there has been no motion for reconsideration and no petition for review filed, the clerk of the Court of Appeals shall issue the mandate *at the expiration of the time for filing such motion or petition*." *Id.* (emphasis added). Therefore, *Celaya's* reliance on the mandate follows the logic of *Lawrence* in that a postconviction application ceases to be pending when "no other state avenues for relief remain open." *Lawrence*, 549 U.S. at 332. The clerk of the Arizona Court of Appeals issued the mandate six days after the last state avenue for relief expired on June 1, 2017, but the mandate did not

extend the time for Melville to file a motion for reconsideration. The extension for filing that motion had already run out. Melville could not properly seek relief after that date. We therefore conclude that Melville's post-conviction application ceased to be pending on June 1, 2017.

## III.    Conclusion

As explained above, Melville's convictions became final on September 29, 2014. Because he initiated post-conviction proceedings three days earlier, on September 26, 2014, statutory tolling began immediately, and the clock did not start on the one-year limitations period under AEDPA until June 2, 2017, the day after his post-conviction application ceased to be pending.[2] Melville filed his habeas petition on June 1, 2018. That was the last day he could timely file his federal habeas petition, but it was timely. We therefore reverse the district court's order dismissing the petition as untimely and remand for further proceedings.

**REVERSED and REMANDED.**

---

[2] *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (concluding that under AEDPA, the limitations period begins to run on the date after the triggering event pursuant to Federal Rule of Civil Procedure 6(a)).